**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TOMMY LEE JOHNSON, | ) | 3:26-CV-169 (SVN) |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FLOWERS, WARDEN, FCI DANBURY, | ) | |
| *Respondent*. | ) | June 4, 2026 |

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Self-represented Petitioner Tommy Lee Johnson ("Petitioner") is a sentenced federal inmate in the custody of the Bureau of Prisons ("BOP"). Pet., ECF No. 1. While housed at FCI Danbury,[1] Petitioner filed the instant petition under 28 U.S.C. § 2241 to challenge the constitutionality of a disciplinary proceeding concerning his making sexual comments about a female staff member. *Id.* at 4–15; *see also* Magnusson Decl., Ex. C, ECF No. 9-4. Petitioner seeks "termination of supervised release" and restoration of good conduct time credits and time credits under the First Step Act. *Id.* at 7.

Respondent argues that the petition should be dismissed for two reasons: Petitioner (1) failed to exhaust BOP administrative remedies before filing suit; and (2) cannot show that his disciplinary proceedings or the DHO decision failed to comply with Fifth Amendment due process standards. Resp't Response, ECF No. 9. Petitioner has not filed an objection to Respondent's arguments for dismissal.[2]

---

[1] A search under Petitioner's name and inmate number on the publicly available BOP website shows that Petitioner is now housed at FCI Schuylkill and has an anticipated release date of August 7, 2026. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited June 4, 2026). Respondent does not challenge the Court's continuing jurisdiction over the petition. *See* Resp't Supp. Br., ECF No. 11.

[2] Petitioner did, however, file exhibits, including his rejected BOP administrative remedies and documents related to hearing and disciplinary charges. *See* Petitioner's Ex., ECF No. 15.

For the reasons that follow, the Court dismisses the petition for failure to exhaust the BOP's administrative remedies.

## I.   FACTUAL BACKROUND

Petitioner was sentenced on October 25, 2022, in the United States District Court for the Southern District of Iowa to an 84-month term of imprisonment followed by a 5-year term of supervised release for Distribution of Heroin and Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See United States v. Johnson*, Case No. 4:20-CR-214 (SMR) (S.D. Iowa), ECF No. 82.

On February 2, 2026, while housed at FCI Danbury, Petitioner filed the instant petition, asserting Fifth Amendment due process violations in connection with a disciplinary hearing initiated because Petitioner was apparently discussing a female staff member in a sexual manner. *See* Incident Report, ECF No. 9-4. Petitioner claims (1) he did not receive due process in connection with the disciplinary hearing; (2) the disciplinary hearing officer ("DHO") was not impartial; (3) the DHO's finding was contrary to law and evidence; (4) he had no staff representative at the hearing or the opportunity to call witnesses; and (5) he was denied access to materials to adequately challenge the disciplinary process through the administrative remedy process. ECF No. 1 at 6–7.

In connection with his response to the petition, Respondent has filed the declaration of Cheryl Magnusson, who works for the BOP as a Legal Assistant and has access to records maintained in the BOP computerized database, SENTRY. Magnusson Decl., ECF No. 9-1 ¶¶ 1– 2. Ms. Magnusson reviewed Petitioner's disciplinary record and administrative remedy history relevant to Petitioner's claims advanced in the petition. *Id.* ¶¶ 8–18. Because the petition is sparse

on facts, the Court looks to Magnusson's declaration and attachments to support the following facts.

While in federal custody, Petitioner received three incident reports for disciplinary infractions between February 4, 2024, and November 25, 2025. *Id.* ¶ 14; *see* Inmate Discipline Data, ECF No. 9-3. Relevant to the instant petition, Petitioner received Incident Report 4228458 for Prohibited Act Codes 299—Disruptive Conduct—High—Most Like Code 206 Making a Sexual Proposal/Threat (Sexual Harassment—Staff) and 307—Refusing to Obey An Order. ECF No. 9-1 ¶¶ 14; *see* Incident Report 4228458, ECF No 9-4. The Incident Report states that Special Investigative Services determined Petitioner "was talking about a female staff member in a sexual manner" "on November 25, 2025." ECF No. 9-4 at 1. The Report further states that one staff member and five inmates corroborated that Petitioner was speaking sexually about the staff member; that Petitioner was interviewed and denied making any sexual statements about staff; that a records review showed he had previously been "counseled about his conduct with staff" and "was ordered to cease making any inappropriate comments about staff appearance, which he had acknowledged and signed on September 9, 2025"; and that in making sexual comments on November 25, 2025, he violated the cease and desist order previously issued to him on September 9, 2025. *Id.* The Incident Report shows a delivery date to Petitioner on December 15, 2025. *Id.*

On December 18, 2025, Petitioner received the Notice of Discipline Hearing Before the DHO. Notice of Discipline Hearing, ECF No. 9-5. On the form, Petitioner appears to have originally expressed that he wished to have a staff representative and to call witnesses at the hearing, but those markings are crossed out and an annotation at the bottom of the form reads: "No longer wants staff rep or witnesses." *Id.* at 1.

3

On January 15, 2026, a DHO held a hearing for Petitioner's disciplinary charges asserted in Incident Report 4228458.  DHO Report, ECF No. 9-7.  The DHO Report noted Petitioner was advised of his rights prior to the hearing and had waived the right to staff representation and witnesses.  *Id.* at 1–2.  Petitioner denied the charges, and stated the following:  "I think this should be thrown out.  I never said anything sexual.  If they thought I did something wrong, they should have wrote it then.  Why did it take so long?  I just said she was petite."  *Id.* at 1, 3.

In a written decision delivered to Petitioner on January 30, 2026, the DHO concluded Petitioner had committed Prohibited Act Code 299—Disruptive Conduct—High Most Like 206—Making Sexual Proposal/Threat.  *Id.* at 3–4.  Petitioner's Code 307 charge, however, was dismissed.  *Id.* at 3.  The DHO imposed sanctions of disciplinary segregation for seven days, loss of three months of commissary, and loss of 27 days Good Time credit.  *Id.* at 4.

## II.    DISCUSSION

Section 2241 grants federal courts jurisdiction to issue writs of habeas corpus to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A writ of habeas corpus under § 2241 "is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).  "Thus, § 2241 petitions are appropriately used to challenge disciplinary sanctions, including the loss of good time credits." *Stroud v. Stover*, No. 3:23-CV-1687 (SVN), 2025 WL 1581782, at *2 (D. Conn. June 3, 2025); *Cruz-Robles v. Stover*, No. 3:23-CV-755 (OAW), 2024 WL 126881, at *1 (D. Conn. Jan. 11, 2024) ("[Section] 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations.").

4

A.  Exhaustion of BOP Administrative Remedies

The Second Circuit has not decided the question of whether the Prison Litigation Reform Act's ("PLRA") exhaustion requirement applies to § 2241 actions.  *See Atiyas v. Stover*, No. 23-CV-1132 (VDO), 2024 WL 343029, at *2 (D. Conn. Jan. 30, 2024) (collecting cases).  This Court has previously held that the exhaustion requirements for § 2241 petitions are judicial, not statutory.  *See Cardoza v. Pullen*, No. 3:22-CV-591 (SVN), 2022 WL 3212408, at *4–5 (D. Conn. Aug. 9, 2022).  Until the Second Circuit resolves the issue, the Court abides by its holding in *Cardoza* that a § 2241 petitioner need not satisfy the PLRA's exhaustion requirements, but must satisfy a judicial exhaustion requirement.  *See Carmona*, 243 F.3d at 634.  "[T]he distinction between the two exhaustion requirements can be 'pivotal,' because statutory exhaustion requirements are mandatory, while the judicial (common-law) exhaustion doctrine is discretionary and includes a number of exceptions."  *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003) (internal quotation and citations omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).  And "[i]n section 2241 actions, the burden of demonstrating exhaustion of administrative remedies is on the petitioner."  *Paulino v. Flowers*, No. 3:24-CV-1569 (VAB), 2025 WL 297388, at *1 (D. Conn. Jan. 24, 2025).  Accordingly, if a Petitioner fails to exhaust administrative remedies a procedural default results, creating a bar to judicial review unless the petitioner can demonstrate sufficient cause for and prejudice from the default.  *Giamo v. Stover*, No. 3:24-CV-28 (VAB), 2024 WL 4188498, at *4 (D. Conn. Sept. 13, 2024); *Rosenthal v. Killian*, 667 F. Supp. 2d 364,

366 (S.D.N.Y. 2009) (lack of exhaustion "results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused").[3]

The requirement of exhaustion of administrative remedies serves "two main purposes." *Woodford*, 548 U.S. at 89 (addressing exhaustion requirements under the Prisoner Litigation Reform Act). First, exhaustion gives an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures." *Id.* (cleaned up). Second, exhaustion promotes efficiency because "[c]laims can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.*

B. The BOP's Administrative Remedy Program

The BOP requires all inmates to exhaust their grievances using an internal process set forth in the BOP's Administrative Remedy Program.

Prisoners may appeal adverse findings of the DHO through the BOP's Administrative Remedy Program by submitting a BP-10 form and directing the initial filing to the Regional Director for the region where the inmate is located. *See generally* 28 C.F.R. § 542, Subpart B; *see also* 28 C.F.R. § 542.14(d)(2). The "inmate shall complete the appropriate form with all requested identifying information." 28 C.F.R. § 542.15(b)(3).

---

[3] It is not clear whether exhaustion requirement for section 2241 petitions should be treated as a jurisdictional issue or as an affirmative defense. *See Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 436 n.18 (D. Conn. 2020) (noting that "[i]t is debatable whether the exhaustion requirement for a [s]ection 2241 habeas petition should be treated as a 'jurisdictional' issue rather than as an affirmative defense"). The Court notes, however, that the exhaustion requirement for a section 2241 petition is "judge-made, rather than statutory, and is subject to various exceptions." *Id.*; *see also Wilkes v. Lamont*, 511 F. Supp. 3d 156, 167 (D. Conn. 2020) (noting that unlike section 2254 petitions, "petitions filed under section 2241 are nevertheless subject to a judicially created discretionary exhaustion requirement"). Thus, the Court considers exhaustion to raise an affirmative defense subject to the standard under Federal Rule of Civil Procedure 12(b)(6).

6

Once the appeal is filed, the Regional Director is required to respond to the appeal within thirty calendar days unless that time has been extended for the Regional Director to properly decide the matter; the inmate must be informed of any extension in writing. *Id*. § 542.18. If the inmate has not received a response within the prescribed time, including any extension, "the inmate may consider the absence of a response to be a denial at that level." *Id.* On the other hand, if the inmate receives a response but is "not satisfied" with it, the inmate may submit an Appeal on the appropriate form (BP-11) to the General Counsel [in the BOP's Central Office] within 30 calendar days from the date the Regional Director signed the response." *Id*. § 542.15(a). This time limit may be extended if the inmate demonstrates a valid reason for the delay. *Id.* Appeal to the General Counsel is the final administrative appeal. *Id.* The General Counsel Central Office is required to respond to an appeal within forty calendar days absent an extension. 28 C.F.R. § 542.18. "[A]n inmate's claim is not considered fully exhausted until it is considered by the BOP General Counsel[.]" *Emery v. Pullen*, No. 3:22-CV-1003 (SVN), 2023 WL 348114, at \*5 (D. Conn. Jan. 20, 2023) (citing *South v. Licon-Vitale*, No. 3:19-cv-1763 (VLB), 2020 WL 3064320, at \*1 (D. Conn. June 9, 2020)).

At any level, a request or appeal may be rejected and returned to the inmate if the request or appeal does not meet a submission requirement. *Id*. § 542.17(a). "When a submission is rejected, the inmate shall be provided a written notice, signed by the Administrative Remedy Coordinator, explaining the reason for rejection." *Id*. § 542.17(b). If the defect can be corrected, the inmate may resubmit the appeal or request after correcting the defect. *Id.* "[T]he notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal." *Id*.

C.  Petitioner's Lack of Exhaustion

The Court concludes that Petitioner has not exhausted the available BOP administrative remedies, as he did not resubmit the relevant rejected grievance form.

Magnusson reviewed Petitioner's history of administrative remedy filings in SENTRY. ECF No. 9-1 ¶ 7.  She determined that Petitioner filed twelve BOP Administrative Remedy requests between February of 2024 and February 12, 2026, including two appeals of the DHO's decision on his disciplinary charges from Incident Report 4228458.  *Id.* ¶¶ 8–9.

Petitioner's first appeal of the DHO's decision (No. 1269668-R1) was received at the Office of the Northeast Regional Director on January 28, 2026, but was rejected on February 25, 2026, because pages two through four were not legible.  Administrative Remedy Generalized Retrieval, ECF No. 9-2 at 5.  Petitioner was permitted to resubmit the Administrative Remedy, *id.* at 5, 7, but his second appeal (No. 1269668-R-2) was rejected for the same reason on March 5, 2026, *id.* at 7.  *See also* ECF No. 9-1 ¶ 10.  With regard to the second submission, Petitioner was permitted to resubmit the Administrative Remedy and was advised to "consider typing the form." ECF No. 9-2 at 7.  The BOP's records show no further resubmitted Administrative Remedies from Petitioner to appeal the DHO's decision on his disciplinary charges from Incident Report 4228458, and Petitioner has not demonstrated otherwise.  ECF No. 9-1 ¶ 11, ECF No. 9-1; *see also* ECF No. 9-2.

Based on Respondent's submissions, the record demonstrates that Petitioner did not fully exhaust his BOP Administrative Remedies to appeal the DHO's decision on his disciplinary charges in Incident Report 4228458, as there is no record of him resubmitting his grievance in a legible format.

D.  Excusal of Exhaustion Requirement

In an apparent concession that he has not exhausted his BOP remedies, Petitioner maintains that administrative exhaustion would be futile due to his projected release date of June 14, 2026.[4] Pet. at 3.  The Court cannot excuse his failure to exhaust on this basis.

The Second Circuit has identified four bases to excuse administrative exhaustion in the habeas context:  "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a [petitioner] has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (quoting *Able v. United States*, 88 F.3d 1280, 1288 (2d Cir. 1996)).  Petitioner invokes only the third of these exceptions.  "There is a high threshold for a finding of futility." *Lallave v. Martinez*, 609 F. Supp. 3d 164, 180 (E.D.N.Y. 2022); *see also Beharry*, 329 F.3d at 62 ("That [petitioner's] argument would likely have failed is not tantamount to stating that it would have been futile to raise it[.]").

Here, Petitioner provides no explanation why his anticipated release date renders futile exhaustion of the BOP Administrative Remedies for his DHO appeal.  Nor is it clear that Petitioner could not have timely exhausted his BOP Administrative Remedies to obtain a final decision on his appeal of the DHO's decision prior to his projected release date when he filed the petition.  In any event, Petitioner's mere allegation of futility fails to satisfy the high threshold required for showing futility.  Nor would Petitioner be excused from the exhaustion requirement if he claimed

---

[4] Respondent asserts that, at the time of its filing, Petitioner's anticipated release date was June 29, 2026, based on the BOP's Inmate Locator website and assuming that he received all Good Conduct Time and First Step Act Time Credits available to him, as of March 24, 2026. *See* ECF No. 9 at 2, n.1.  Petitioner's projected release date per the BOP's Inmate Locator website is now August 7, 2026. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited June 4, 2026).

9

irreparable harm in the form of excessive imprisonment.  *See Patel v. Flowers,* No. 3:25-CV-877 (SVN), 2025 WL 3140742, at *4 (D. Conn. Nov. 10, 2025) (rejecting Petitioner's assertion that exhaustion would cause irreparable harm of excess imprisonment because Petitioner's "impending release does not excuse his failure to exhaustion administrative remedies"); *Martin v. Puzio*, No. 3:24-CV-01600 (VAB), 2025 WL 1678472, at *4 (D. Conn. June 13, 2025) ("courts have widely recognized that continued imprisonment does not constitute irreparable harm").  Accordingly, the Court concludes Petitioner has demonstrated no basis for the Court to excuse his failure to exhaust his BOP Administrative Remedies.

Were the Court to entertain the petition on the merits when Petitioner has not exhausted his administrative remedies—or provided a legally sufficient explanation why the exhaustion requirement should be excused—the purposes of the exhaustion requirement would not be served. Because Petitioner did not conclude the administrative remedy process, the BOP was not given a full opportunity to address Petitioner's claim prior to the filing of the instant habeas petition. Therefore, the Court concludes that Petitioner has procedurally defaulted, and the petition must be dismissed.  *Thai v. Pullen*, No. 3:22-CV-605 (SVN), 2022 WL 17355189, at *6 (D. Conn. Dec. 1, 2022).

In light of this holding, the Court need not consider Respondent's remaining grounds for dismissal.  The Court also need not reach the issues addressed in Petitioner's recent letters to the Court, concerning his placement in the Special Housing Unit at his new facility and his request to require Respondent to reduce his recidivism score.  *See* Letters, ECF No. 18 (describing placement in Special Housing Unit and "assertion that this action is retaliatory because of the action I have pending against Warden Flowers"); 20 (requesting leave to amend and that the Court "summarily

grant" the relief requested in the instant petition and that filed in *Flowers v. Warden*, No. 3:26-CV-125 (SVN), and require Respondent to reduce his recidivism score).  As these letters raise issues collateral to the due process claim raised in the instant petition—which itself must be dismissed for the reasons explained herein—the Court does not address them further.

## III.   CONCLUSION

For the reasons explained above, the Petition is DISMISSED.  Any appeal of this order would not be taken in good faith.

The Clerk is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 4th day of June, 2026.


 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

11